UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALEXANDER OCASIO, | ) | |
| Plaintiff, | ) | 3: 09-cv-00163-LRH-VPC |
| vs. | ) | |
| | ) | ORDER |
| DAN L. PAPEZ, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at Ely State Prison, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Docket # 1-2).

**Screening Standard Pursuant to 28 U.S.C. § 1915A**

The court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,*

1  487 U.S. 42, 48 (1988).

2  In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

9  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

18 All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**Screening of Complaint**

25 This court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915A. Plaintiff brings this action against the following individuals: Dan L. Papez, Chief Judge Seventh Judicial District Court; and JoAnn Malone, White Pine County Clerk. In describing the nature of his case, plaintiff alleges that on September 22, 2008, he filed a state petition for writ of habeas corpus

with defendant Malone, who is the Clerk of the Nevada Seventh Judicial District Court. Plaintiff claims that the case was assigned to defendant Papez, who ordered the respondent to respond to the petition within forty-five days. Plaintiff further claims, however, that defendants refuse to place the matter on the court's calendar, and that the case has not been adjudicated. Plaintiff claims that he is thereby being deprived of access to the court, and of his Constitutional rights to due process and equal protection of the law. Plaintiff seeks injunctive relief in the form of an order from this court directing the Seventh Judicial District Court to place all matters in his case on the court's calendar and for defendant Papez to adjudicate these matters and enter judgment in the case.

Absent extraordinary circumstances, federal courts may not interfere with ongoing state court cases involving important state court interests. The federal court must abstain and allow the state court to adjudicate all claims, state and federal. *See Younger v. Harris*, 401, U.S. 37, 49-53, 91 S.Ct. 746, 753-54 (1971). In the present case, plaintiff has an ongoing action in state court, involving the important state interest of resolving a constitutional challenge to a state criminal conviction. Further, despite plaintiff's dissatisfaction with the speed in which his case is progressing, there is no indication that plaintiff's habeas corpus petition will not be resolved by the state court. Thus, this court finds that plaintiff has not been deprived of an opportunity to litigate his federal claims in state court. Finally, this court notes that under the principles of federalism and commity, it may not interfere with the daily, administrative operations of a state court. This court therefore will therefore abstain from interfering with an ongoing state court action.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice.

Dated this 22nd day of June, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE